UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**YVONNE METHENEY, ATTORNEY IN FACT**
**FOR MIRANDA OLMSTEAD,** *et al.,*

      **Plaintiffs,**

vs.

      Civil Action No. 2:11-cv-00981
      Judge James L. Graham
      Magistrate Judge E. A. Preston Deavers

**MR. BULT'S INC.,** *et al.***,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

      Plaintiffs bring this action for damages arising out of a vehicle accident with Defendant Shawn Kirk ("Kirk"). Plaintiffs originally filed this action in the Franklin County, Ohio Court of Common Pleas on September 26, 2011. Defendants removed this action on November 1, 2011, asserting that the court has diversity jurisdiction. This case is now before the Court on Plaintiffs' Motion to Remand. (ECF No. 12.) Plaintiffs contend that complete diversity is lacking under 28 U.S.C. § 1332(a). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiffs' Motion to Remand.

**I. BACKGROUND**

      Plaintiffs' claims arise from a motor vehicle accident involving Miranda Olmstead and

Kirk.[1]  In their Complaint, Plaintiffs assert that the accident occurred when Kirk negligently caused a tractor trailer he was operating to go left of center and crash into a vehicle in which Ms. Olmstead was a passenger.  (Compl. ¶¶ 7-8.)  Plaintiffs maintain that at the time of the accident Kirk was acting within the course and scope of his employment with Defendant Mr. Bult's Inc. ("MBI").  (Compl. ¶¶ 9-10.)  Plaintiffs and Kirk are citizens of Ohio, while MBI is an Illinois corporation.  (Notice Removal ¶¶ 9-11.)  Plaintiffs seek to recover damages against Defendants Kirk and MBI.

Defendants contend that diversity exists and that Kirk's Ohio citizenship should be disregarded.  Defendants maintain that Plaintiffs fraudulently joined Kirk to this action and he is a nominal party.  In support of their theory of fraudulent joinder, Defendants assert that Plaintiffs cannot join a primarily liable defendant in the same action as a secondarily liable defendant to defeat diversity jurisdiction.  Moreover, Defendants contend that Kirk is fraudulently joined or a nominal party because Plaintiffs do not intend to collect a judgment from him.  Defendants stress that Kirk was a low level employee of MBI.  Plaintiffs, on the other hand, maintain that they did not fraudulently join Kirk because Ohio law allows for primarily and secondarily liable defendants to be joined in the same action.  Plaintiffs also assert that Kirk is not a nominal party because he has a real interest in the outcome of the case.

## II. STANDARD

Federal courts have limited subject-matter jurisdiction.  "[T]he intent of Congress drastically to restrict federal jurisdiction in controversies of diverse citizens has always been

---

[1] Plaintiff Yvonne Metheney is Attorney in Fact for Miranda Olmstead, the party who was allegedly injured in the motor vehicle accident.

rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over claims involving either a federal question pursuant to 28 U.S.C. § 1331 or arising among diverse citizens pursuant to 28 U.S.C. § 1332.

Federal courts have "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)). The Court must determine "whether complete diversity exists at the time of removal." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).

The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved against removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). The removing party must demonstrate such jurisdiction "by competent proof that the complete diversity and amount-in-controversy requirements are met." *Cleveland Housing Renewal Project v. Deutsche Bank*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1194-1195 (2010)).

### III. LEGAL ANALYSIS

Considering all of the parties in this controversy, complete diversity is lacking in this case because Plaintiffs and Defendant Kirk are both citizens of Ohio. Therefore, federal jurisdiction only exists if the Court may disregard Kirk's citizenship. To decide this issue, the Court must consider whether Plaintiffs fraudulently joined Kirk or whether Kirk is a nominal party. Ultimately, because Kirk is neither fraudulently joined nor a nominal party, the

undersigned finds that complete diversity is lacking and remand is necessary.

**A.     Fraudulent Joinder**

Fraudulent joinder is a judicially created doctrine that permits a defendant to remove a case from state court to federal court where complete diversity of citizenship is lacking. *Coyne*, 183 F.3d at 493.  A defendant is fraudulently joined in an action when the plaintiff is unable to plead a colorable state law cause of action against that defendant. *Id.*  In considering fraudulent joinder, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (internal quotations omitted).  "[T]he determination of fraudulent joinder is to be based on whether there is a real intention on colorable grounds to procure a joint judgment [against the diverse and non-diverse defendants]. . . . [T]here must be some reasonable basis for believing that there is joint liability*.*" *Eckhart v. Depuy Orthopedics, Inc.*, No. 2:03-cv-1063, 2004 WL 524916, at *4 (S.D. Ohio March 3, 2004) (internal quotations omitted).

A party's motive for joining a non-diverse party is immaterial to the fraudulent joinder determination. *Walker*, 443 F. App'x at 951. "Similarly, whether the plaintiffs will ultimately recover against the removing defendants is also immaterial." *King v. Centerpulse Orthopedics, Inc.*, No. 1:05–CV–1318, 2006 WL 456478, at *2 (N.D. Ohio Feb. 24, 2006); *see also Myers v. Air Serv Corp.*, No. 1:07cv911, 2008 WL 149136, at *2 (E.D. Va. Jan. 9, 2008) ("Thus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts."). Disputed questions of fact and uncertainties about controlling state law should be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493 (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Here, Plaintiffs allege sufficient facts to state colorable negligence claims against both MBI and Kirk under Ohio law. Plaintiffs' claim against Kirk is based on Ohio common law negligence. In order to recover on a negligence claim in Ohio, Plaintiffs must show that Defendant Kirk breached a duty he owed to Plaintiff Olmstead which proximately caused her injury. *Eisnnicher v. Bob Evans Farms Rest.*, 310 F. Supp. 2d 936, 962 (S.D. Ohio 2004). In this case, Plaintiffs allege that Kirk drove a tractor trailer left of the center line causing a motor vehicle accident, which injured Plaintiff Olmstead. These allegations are sufficient to state a colorable cause of action against Kirk under Ohio law.[2]

Although Plaintiffs have colorable claims against both MBI and Kirk, Defendants maintain that Plaintiffs cannot join them both in the same action under Ohio law.[3] Defendants rely heavily on *Pierce v. Norfolk & Southern Ry. Co.*, No. 1:05CV0190, 2005 WL 1114437 (N.D. Ohio May 9, 2005) for their assertion. In *Pierce*, the court determined that the defendants had been fraudulently joined. *Id.* at *2–3. In so doing, the court held that a plaintiff could not join employees and secondarily liable employers in the same action under Ohio law. *Id.* The *Pierce* court based its conclusion on the Ohio Supreme Court's decision in *Shaver v. Shirks*

---

[2] Although not pertinent to the argument that Plaintiffs fraudulently joined Defendant Kirk, Plaintiffs also plead a colorable claim against MBI under state law. Under the doctrine of respondeat superior, an employer may be jointly liable for the negligent acts of its employees committed within the scope of their employment. *Groob v. Keybank*, 108 Ohio St.3d 348, 356 (2006). Plaintiffs allege that Kirk was acting in the course and scope of his employment with MBI when the accident, and Kirk's alleged negligence, occurred.

[3] The parties do not address whether, in considering the fraudulent-joinder doctrine, the Court applies state or federal procedural law in determining whether two potentially liable parties are appropriately joined in the same action. Because the undersigned finds that both Ohio and federal law permit joinder of Defendants in the same action, it is unnecessary to reach this issue.

*Motor Express Corp.*, 163 Ohio St. 484, 496 (Ohio 1955). The *Pierce* court noted that in *Shaver*, the Ohio Supreme Court concluded that a plaintiff could not join primarily and secondarily liable defendants in the same action. 163 Ohio St. at 496.

After *Shaver*, however, the Ohio Legislature enacted Ohio Revised Code § 2307.191. *See Darling v. Home Gas & Appliances, Inc*, 175 Ohio St. 250, 250–51 (Ohio 1963). This new provision altered Ohio law, allowing a plaintiff to join a primarily liable defendant and a secondarily liable defendant in the same action. *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 73 (Ohio 1972) (holding that "the rule that such defendants may not be joined, was overruled in this state by the enactment of Ohio Rev. Code § 2307.191"); *see also Darling*, 175 Ohio St. at 250-51 (holding that a master and servant could be joined in an action for negligence under Ohio Rev. Code § 2307.191).

Although Ohio Civil Rule 20 has since replaced Ohio Revised Code § 2307.191, the two provisions contain nearly identical language with regard to joinder of parties. *See Ostrander* 29 Ohio St.2d at 73 n.1; *Williams v. Gragston*, 7 Ohio App.3d 369, 371 (Ohio Ct. App. 1982). Consequently, the language of Ohio Civil Rule 20, like that of Ohio Revised Code § 2307.191, allows for the joinder of primarily and secondarily liable defendants.[4] Ohio Civil Rule 20 specifically provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

---

[4] Tellingly, the Supreme Court of Ohio has recently implied that in certain instances of vicarious liability the employee must be joined in the suit. *See generally Natl. Union Fire Ins. Of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594 (2009) (suggesting that a legal malpractice action could not be maintained against the employer when the employee was not included in the action).

-6-

> arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Ohio Civ.R. 20(a).

In this case, Plaintiffs can pursue claims against both Kirk and MBI within the same action under Ohio law. Plaintiffs can join Kirk and MBI in the same action because the right to relief arises out of the same transaction or occurrence and common questions of law or fact will arise in the action. The same result would occur under Federal Rule of Civil Procedure 20, which applies the same basic test.[5] *See, e.g.*, *Wayman v. Accor North Am., Inc.*, 486 F.Supp.2d 1280, 1285 (D. Kan. 2007) (holding that plaintiff could join a non-diverse employee and his vicariously liable employer in one action because it satisfied the requirements for joinder under Rule 20)). Plaintiffs, therefore, have not fraudulently joined Defendant Kirk in this action.

**B.    Nominal Parties**

Defendants also maintain that Kirk is a nominal party. A nominal party is not included as a "party in interest" and may be ignored in deciding whether diversity jurisdiction exists. *Barrientos v. UT-Battelle, LLC*, 284 F.Supp.2d 908, 913 (S.D. Ohio 2003). In order for a non-diverse defendant to be a nominal party for the purpose of ignoring that party's citizenship, the party "must have no real interest in the outcome of the case." *Id.* at 913. As this Court has described:

> A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. [Citation omitted]. In contrast to a "real party in

---

[5] Ohio Civ. R. 20 is based directly on Fed. R. Civ. P. 20. *See* Ohio Civ. R. 20 (Staff Notes, 1970).

interest," a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit.

*Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc.*, 253 F.Supp.2d 1022, 1026-27 (S.D. Ohio 2003) (quoting *Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D.Ohio 1989)).  If "the nondiverse party is a real party in interest, it is immaterial that his joinder was motivated by a desire to defeat jurisdiction." *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994).

Here, Kirk is not a nominal party whose citizenship may be ignored.  Defendants argue that Plaintiffs have no intent of collecting a judgment against Kirk, because he "was merely a low-level employee and truck driver. . . ."[6]  (Notice Removal ¶15.)  The financial situation of a defendant, however, does not determine whether a defendant is a nominal party.  *See NFC Acquisition, LLC v. Comerica Bank*, 640 F.Supp.2d 964, 974 (N.D. Ohio 2009).  Here, Plaintiffs seek to collect damages for Kirk's alleged breach of duty through their claim.  Plaintiffs allege that he is personally liable and seek a monetary judgment from him.  Therefore, Kirk is a real party in interest for the purposes of diversity.

### IV. CONCLUSION

Because the Defendants have failed to establish complete diversity, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiffs' Motion to Remand.

---

[6] Defendants rely on *Linnin v. Michielsens*, 372 F.Supp.2d 811, 823 (E.D. Va. 2005) for the proposition that a plaintiff cannot join a low-level employee, from whom it does not intend to collect a judgment, for the purposes of defeating diversity jurisdiction.  As detailed above, however, a plaintiff's motivations for joinder do not control whether a defendant is fraudulently joined or a nominal party.  Furthermore, unlike the employee in *Linnin*, Kirk's actions play a central role in determining liability in this case.

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 13, 2012                         /s/ *Elizabeth A. Preston Deavers*
                                                                                                     Elizabeth A. Preston Deavers
                                                                                                     United States Magistrate Judge