# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**YVONNE METHENEY, Attorney in Fact**
**for Miranda Olmstead, et al.,**

    **Plaintiffs,**

v.

    Civil Action 2:11-cv-00981
    Judge James L. Graham
    Magistrate Judge E.A. Preston Deavers

**MR. BULT'S INC.,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the March 13, 2012, Report and Recommendation of the Magistrate Judge (Doc. 26). The Magistrate Judge recommended that the Court grant Plaintiffs' motion for remand (Doc. 12). Defendants objected to the Report and Recommendation on March 27, 2012, and Plaintiffs responded on April 4, 2012. This matter is now ripe for review. For the following reasons, Defendants' objections are **OVERRULED**, the March 13, 2012, Report and Recommendation is **ADOPTED**, Plaintiffs' motion for remand is **GRANTED,** and this case is **REMANDED** to the Court of Common Pleas for Franklin County, Ohio.

As detailed in the Report and Recommendation, this action arises from a motor vehicle accident involving Defendant Shawn Kirk ("Kirk"). Plaintiffs are suing Kirk for negligence. Plaintiffs also bring an action against Defendant Mr. Bult's Inc. ("Bult"), as Kirk's employer, based on the principle of respondeat superior. Plaintiffs and Kirk are citizens of Ohio. Bult is an Illinois corporation with its principal place of business in Illinois.

Although Plaintiffs originally brought this action in the Franklin County Court of Common Pleas, Defendants removed the case on the purported basis of diversity jurisdiction. Defendants maintain that the Court must disregard Kirk's Ohio citizenship because he was fraudulently joined to this action and is a nominal party. Plaintiffs moved to remand this action, contending that they properly joined Kirk.

On March 13, 2012, the Magistrate Judge recommended that the Court grant Plaintiffs' motion for remand. The Magistrate Judge concluded that Kirk was not fraudulently joined as a defendant because Plaintiffs stated colorable claims against both Defendants. The Magistrate Judge found that Plaintiffs were entitled to join both Defendants in the same action. The Magistrate Judge also determined that Kirk was not a nominal party, noting that Kirk has a real interest in this lawsuit because Plaintiffs are seeking to collect damages against him based on his alleged breach of duty.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In their objections, Defendants raise two basic points. First, Defendants contend that, based on the holding in *Pierce v. Norfolk & Southern Ry. Co.*, No. 1:05CV0190, 2005 WL 1114437 (N.D. Ohio May 9, 2005), Plaintiffs fraudulently joined Kirk to this action. Second, Defendants ask this Court to rely on *Linnin v. Michielsens*, 372 F. Supp.2d 811 (E.D.Va. 2005), as an exception to the general principle that a party's motive in joining a non-diverse party is

immaterial to the determination of fraudulent joinder.  The Court finds both lines of argument unpersuasive.

The Court agrees with the Magistrate Judge that Plaintiffs did not fraudulently join Kirk. As the Magistrate Judge recognized, "[f]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).  For the reasons described in the Report and Recommendation, which Defendants do not appear to dispute, Plaintiffs state colorable causes of action against both Defendants.

Defendants still maintain that *Pierce* requires remand.  The Court disagrees. The Court finds that the Magistrate Judge properly addressed and rejected this contention through the following analysis:

> In *Pierce*, the court determined that the defendants had been fraudulently joined. *Id.* at *2–3.  In so doing, the court held that a plaintiff could not join employees and secondarily liable employers in the same action under Ohio law. *Id.*  The *Pierce* court based its conclusion on the Ohio Supreme Court's decision in *Shaver v. Shirks Motor Express Corp.*, 163 Ohio St. 484, 496 (Ohio 1955).  The *Pierce* court noted that in *Shaver*, the Ohio Supreme Court concluded that a plaintiff could not join primarily and secondarily liable defendants in the same action. 163 Ohio St. at 496.
>
> After *Shaver*, however, the Ohio Legislature enacted Ohio Revised Code § 2307.191. *See Darling v. Home Gas & Appliances, Inc*, 175 Ohio St. 250, 250–51 (Ohio 1963). This new provision altered Ohio law, allowing a plaintiff to join a primarily liable defendant and a secondarily liable defendant in the same action. *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 73 (Ohio 1972) (holding that "the rule that such defendants may not be joined, was overruled in this state by the enactment of Ohio Rev. Code § 2307.191"); *see also Darling*, 175 Ohio St. at 250-51 (holding that a master and servant could be joined in an action for negligence under Ohio Rev. Code § 2307.191).
>
> Although Ohio Civil Rule 20 has since replaced Ohio Revised Code § 2307.191, the two provisions contain nearly identical language with regard to joinder of parties. *See Ostrander*, 29 Ohio St.2d at 73 n.1; *Williams v. Gragston*, 7 Ohio App.3d 369, 371 (Ohio Ct. App. 1982).  Consequently, the language of Ohio Civil Rule 20, like that

3

of Ohio Revised Code § 2307.191, allows for the joinder of primarily and secondarily liable defendants. Ohio Civil Rule 20 specifically provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Ohio Civ. R. 20(a).

In this case, Plaintiffs can pursue claims against both Kirk and MBI within the same action under Ohio law. Plaintiffs can join Kirk and MBI in the same action because the right to relief arises out of the same transaction or occurrence and common questions of law or fact will arise in the action. The same result would occur under Federal Rule of Civil Procedure 20, which applies the same basic test. *See, e.g., Wayman v. Accor North Am., Inc.*, 486 F. Supp. 2d 1280, 1285 (D. Kan. 2007) (holding that plaintiff could join a non-diverse employee and his vicariously liable employer in one action because it satisfied the requirements for joinder under Rule 20)). Plaintiffs, therefore, have not fraudulently joined Defendant Kirk in this action.

Report and Recommendation at 5–7 (footnotes omitted).

Defendants' second contention, based on the *Linnin* decision, also fails. The federal court in *Linnin* found fraudulent joinder, relying in part on the notion that the plaintiff had "no real intention of getting joint judgment" against the defendant in question.[1] *Linnin*, 372 F. Supp. 2d at 825. In reaching this decision, the *Linnin* court emphasized that the defendant in question was a "lowly employee" and not the "target defendant." *Id.* at 824.

*Linnin* is clearly distinguishable and provides no basis for this Court to conclude that Plaintiffs have fraudulently joined Kirk. As the Magistrate Judge noted, "unlike the employee in *Linnin*, Kirk's actions play a central role in determining liability in this case." Report and

---

[1] Notably, the federal court in *Linnin* first concluded that there was "no reasonable basis for predicting any possibility of liability" against the defendant in question. *Linnin*, 372 F. Supp. at 823.

4

Recommendation at 8 n.6.  Furthermore, and most importantly, under the law of the Sixth Circuit, the fraudulent joinder and nominal party analyses do not center on a plaintiff's intent in joining a non-diverse party.  *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) ("The non-moving party's motive for joining the non-diverse party to the lawsuit is immaterial to our determination regarding fraudulent joinder.") (internal quotations omitted); *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42 (6thCir. 1994) ("If . . . the nondiverse party is a real party in interest, it is immaterial that his joinder was motivated by a desire to defeat jurisdiction.").  Given Sixth Circuit precedent in this area, the Court finds no grounds for carving out the exception Defendants desire.

For the foregoing reasons, as well as the authority and analysis within the Magistrate Judge's Report and Recommendation, the Court concludes that Plaintiffs did not fraudulently join Kirk, nor is Kirk a nominal party to this action.  Accordingly, because Plaintiffs and Kirk are citizens of Ohio, the Court lacks diversity jurisdiction and remand is appropriate.  The Defendants' objections (Doc. 28) are **DENIED**, the March 13, 2012, Report and Recommendation (Doc. 26) is **ADOPTED** and Plaintiffs' Motion for Remand (Doc. 12.) is **GRANTED**.  This case is hereby **REMANDED** to the Court of Common Pleas for Franklin County, Ohio.  The Clerk is **DIRECTED** to terminate this case from the Court's active case list.

    **IT IS SO ORDERED.**

    S/ James L. Graham
    James L. Graham
    UNITED STATES DISTRICT COURT

Date: June 8, 2012